IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PITT VESOM, M.D.,                )
                                 )
          Plaintiff,             )
                                 )
vs.                              )     Case No. 04-2218-CM
                                 )
ATCHISON HOSPITAL                )
ASSOCIATION, et al.,             )
                                 )
          Defendants.            )

### **ORDER**

This case comes before the court on plaintiff's motions to compel production of documents **(doc. 66)** and deposition testimony **(doc. 73)** from defendants. The court has reviewed plaintiff's motions and supporting memoranda (docs. 67 & 74), defendants' responses (docs. 77 & 78, respectively), and plaintiff's reply briefs (docs. 80 & 84, respectively). For the reasons set forth below, plaintiff's motions will be denied, without prejudice for reassertion if necessary.

After reviewing the parties' briefs on the current discovery issues, it is clear that resolution by the court, at least at this point, would be extremely involved and ultimately not very productive. That is, many of defendants' current discovery failures arise from positions taken by defendants which are unreasonable or unsupported by the current record. Examples of defendants' problematic assertions include, but are <u>not</u> limited to, the following:

O:\ORDERS\04-2218-CM-66,73.wpd

- Defendants have asserted the attorney-client privilege and/or work-product immunity for numerous documents, but have not supported their objections with any information that even comes close to satisfying their burden of proof that the privilege or immunity applies. Defendants' privilege log is deficient in that it does not adequately describe most of the allegedly-protected documents.[1]

- The privilege log is also deficient in that it does not explain the scope of employment or duties of any of those persons who have communicated with the attorneys in this case, so neither plaintiff nor the court can determine whether the communications at issue would be protected by any privilege.[2]

- Defendants have made a blanket claim of attorney-client privilege for various meetings at which counsel was present, without providing any additional supporting facts.[3]

- Defendants have failed to identify privileged documents that are in the custody of

---

[1] Moreover, defendants' assertion that a document described simply as a "Federal Express Air bill" may or might have hand-written attorney notes clearly is not specific enough to support a claim of privilege.

[2] *See Boyer v. Board of County Comms. of Johnson County*, 163 F.R.D. 687, 689 (D. Kan. 1995).

[3] *See Burton v. R.J. Reynolds Tobacco Co., Inc.*, 170 F.R.D. 481, 484 (D. Kan. 1997) (citing *Oil Chem. and Atomic Workers Int'l Union v. Amer. Home Prods.*, 790 F. Supp. 39 (D.P.R. 1992)).

defendants' counsel.[4]

- Defendants have raised ten "general objections" and, in some cases, have failed to produce any documents without citing any more specific objections.[5]

- In some instances, defendants have responded that various documents already have been provided to plaintiff. However, these documents are not identified specifically or by a Bates number.

- Defendants have not provided any information, as required by Fed. R. Civ. P. 34(b), identifying specific discovery requests to which individual documents are responsive.

- Defendants have objected to various discovery requests on grounds of relevance. Many of these objections are frivolous, as plaintiff is clearly entitled to conduct discovery regarding defendants' partial-immunity defense.

- Some of defendants' responses are simply unresponsive to plaintiff's requests.

As mentioned above, this list is by no means exhaustive. In any event, it should be noted here that the court has not yet determined which party should prevail on the issue of whether defendants have put attorney-client communications at issue by raising their partial immunity defense. But defendants would be well-served to bear in mind that, if the court were to take up all of these discovery issues based on the current state of the record, this

---

[4] *See Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 635 (D. Kan. 1999) (finding that documents are within a party's custody or control if that party has the legal right to obtain the documents on demand).

[5] *See Sonnino v. Univ. of Kansas Hosp. Authority*, 221 F.R.D. 661, 666 (D. Kan. 2004).

pivotal question would be moot, i.e., the court would likely find that defendants have waived their attorney-client privilege by failing to provide an adequate privilege log and by failing to provide adequate support for their privilege claims.  Because the court believes many of defendants' current discovery failures are unreasonable, the court likely would also impose substantial sanctions on defendants or their counsel, or both.

In fairness to defendants, to whom any asserted privilege belongs, the court obviously prefers not to find a waiver of the attorney-client privilege unless such a finding is unavoidable.  But after reviewing the record in this case, the court has found massive, significant problems with defendants' assertions of the attorney-client and work-product privileges, particularly in regard to the presentation of those objections in the defendant hospital's privilege log.  Therefore, exercising its inherent discretion, the court will allow defendants one final opportunity to cure their current discovery failures.  As earlier indicated, plaintiff's instant motions to compel **(docs. 66 & 73)** are denied, without prejudice for reassertion consistent with this order.  But, by **May 25, 2005**, defendants shall serve revised discovery responses and an amended privilege log.[6]  The parties shall then confer regarding any remaining discovery disputes.  If issues still exist, plaintiff shall re-file his motion to compel by **June 6, 2005.**  Defendants shall respond to any such motion by **June 9, 2005.**

---

[6] In preparing this amended privilege log, defendants are encouraged to review *Heavin v. Owens-Corning Fiberglass*, No. 02-2572, 2004 WL 316072, at *7-8 (D. Kan. Feb. 3, 2004).  This case provides a detailed explanation of the information defendants should include in their privilege log.

Plaintiff shall file any reply brief by **June 14, 2005.**

IT IS SO ORDERED.

Dated this 12th day of May, 2005, at Kansas City, Kansas.

                                          s/ James P. O'Hara
                                          James P. O'Hara
                                          U.S. Magistrate Judge