0IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PITT VESOM, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 04-2218-CM |
| vs. ) | |
| ) | |
| ATCHISON HOSPITAL ASSOCIATION, ) | |
| RYAN THOMAS, M.D., ) | |
| DOUGLAS GORACKE, M.D. and ) | |
| DONALD SWAYZE, D.O., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This case comes before the court on the motion of the defendants, Atchison Hospital Association, Ryan Thomas, M.D., Douglas Goracke, M.D. and Donald Swayze, D.O., for an order compelling the plaintiff, Pitt Vesom, M.D., to produce certain documents requested in discovery (**doc. 82**). Defendants have filed a supporting memorandum (doc. 83), to which plaintiff has responded (doc. 99), and defendants have filed a reply (doc. 102). For the reasons set forth below, defendants' motion is granted in part and denied in part.

Plaintiff filed this suit on May 18, 2004. In his complaint (doc. 1), he alleges six alternative theories of relief: racial discrimination in violation of 42 U.S.C. § 1981 (Count I), 42 U.S.C.§ 2000d (Count II), and 42 U.S.C.§1985(3) (Count III); personal economic losses and unlawful gain by defendants in violation of the Sherman Antitrust Act (Count IV); a whistle-blower protection claim (Count V); and intentional interference by defendants with plaintiff's business relationships (Count VI). Highly summarized, plaintiff claims that he was

wrongfully denied hospital staff privileges as a result of his race and because of his complaints about staff procedures and mortality rates in defendants' obstetrics department; among other forms of relief requested in the complaint, plaintiff seeks an award of $1.5 million for "economic losses and for the embarrassment, humiliation and loss of reputation" caused by defendants' allegedly unlawful conduct. Defendants assert that the decision to terminate plaintiff's hospital privileges was based on the results of a peer review conducted pursuant to federal law.

In reviewing the papers filed in connection with the instant motion, the court is satisfied that the parties have fulfilled their duty to confer and have nonetheless arrived at an impasse. After reviewing all the relevant documents, the court is ready to rule.

**Document Request Nos. 1 & 57: Personal Tax Returns**

By way of these document requests, defendants seek plaintiff's personal tax returns. Plaintiff objects on grounds of confidentiality.

Although there is a general confidentiality protecting tax returns,[1] defendants have overcome the presumption against discovery by identifying relevant information available only from plaintiff's personal tax returns.[2] As defendants point out, W-2 forms and corporate tax returns – which plaintiff has already provided – may not include additional sources of income

---

[1] 26 U.S.C. § 6103(a).

[2] *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 189 (D. Kan. 1997) (citations omitted) ("First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable.").

or business expenses, both of which are highly relevant to plaintiff's loss-of-earnings claim. Additionally, defendants point out in their reply brief (far too late, but nevertheless noted for reasons of judicial economy) that plaintiff's statements about the sale of his medical practice cannot be substantiated by the tax documents produced thus far.  Therefore, there is a compelling need for plaintiff to produce the requested tax documentation, as it is relevant to both the loss-of-earnings claim and plaintiff's credibility.

Defendants' motion to compel as it relates to this request accordingly is granted. Plaintiff shall produce copies of his personal state and federal income tax returns for the last ten years (1994-2004). These documents, however, shall be covered by the stipulated protective order that the court filed on November 22, 2004 (doc. 51).

**Document Request No. 33: Request for Compelled Withdrawal**

Next, defendants ask the court to compel plaintiff to withdraw his response to Request No. 33.  Plaintiff responds that this request is an improper use of Fed. R. Civ. P. 37.  The court agrees with plaintiff.  The instant motion is therefore denied as it relates to this request. Defendants do not have the right to insist that plaintiff's responsive language comport with their version of events in this case.  Each party will have a chance to present their arguments to a fact-finder at the appropriate time.

**Document Request No. 41: Number of Patients Treated by Plaintiff**

By way of Request No. 41, defendants seek records relating to the allegations that plaintiff had "thousands" of patients in the Atchison area at the time of his termination. Plaintiff responded that he had complied with this request and objected on the grounds that the

exact number of patients treated over his career is irrelevant. The court finds that plaintiff has in fact complied with Request No. 41, and therefore the motion to compel is denied as it relates to this request. However, the court also notes that defendants have dramatically expanded the scope of this request over the course of the filings. The original request (*see* doc. 83, exh. 3) asked only for verification of the "thousands" of patients plaintiff claimed he was treating at the time of his termination. In their reply brief (doc. 102), however, defendants have made a different and much broader request. Defendants now seek detailed medical information about every patient ever treated by plaintiff. The court finds that plaintiff has satisfactorily complied with the original request, and of course the exact number of patients treated by plaintiff is not relevant to any claim or defense. Furthermore, plaintiff's explanation of why he cannot produce documentation for patients treated prior to 1998 is sufficiently specific to support this court's finding that compliance with the request at issue would be unduly burdensome (*see* Declaration of Pitt Vesom, M.D., ¶3, doc. 99, exh. 2).

The additional patient information requested in the reply brief is not discoverable for three reasons. First, defendants have not properly requested such information under the discovery guidelines.[3] Second, plaintiff's patients are not covered by the stipulated protective order in this case,[4] and a production of patient records fulfilling defendants' detailed request

---

[3] Fed. R. Civ. P. 37(a) (requiring that a party must first fail to make a <u>requested</u> disclosure, triggering a duty to confer and an attempt to resolve the dispute, finally ending in a motion to compel by the opposing party).

[4] The protective order only applies to confidential information about the plaintiff and defendants, not plaintiff's patients (doc. 51).

would almost certainly need such an order. At the very least, redaction of patient names and addresses will need to be addressed. The parties have not conferred on these issues, and as such this separate discovery dispute is not ripe for adjudication. Finally, as set forth above, the hospital's request is overly broad and would place an undue burden on plaintiff.

### Document Request Nos. 58 & 68: Employment Applications

Next, defendants request all documents relating to plaintiff's attempt to obtain credentials with any hospital during the last ten years. Plaintiff produced a complete list of the hospitals where he has sought employment since 2003, but claims he does not have copies of the applications. Plaintiff objects to requests for applications prior to 2003 because they are not relevant to the case at bar.

The motion to compel is granted as it relates to this request, and plaintiff is ordered to produce all applications for employment completed during the last ten years. Plaintiff shall also supply defendants with a complete list, including names and addresses, of the institutions where he has sought employment during the last ten years. To the extent that completed employment applications are not within plaintiff's possession, custody, or control, he shall execute a release authorizing defendants to retrieve copies from the institutions that are in possession, custody, or control of the documents. The authorization shall be limited to employment application only; i.e., defendants shall only obtain employment applications, and shall not thereby gain access to any other information maintained in the files of the institutions at issue.

### Document Request No. 63: Daily Diaries and Calendars

By way of this request, defendants seek plaintiff's daily diaries, calendars, appointment books, or any other type of daily record of plaintiff's schedule or activities since January 1, 1994. Plaintiff objects on the grounds that he did not keep a diary or calendar, and therefore only the doctor's confidential patient records would include such information. The court concludes that this request seeks relevant information. The motion to compel is granted as it relates to this request, insofar as plaintiff is ordered to produce any daily diaries, calendars, appointment books, or other type of daily schedule of his activities since January 1, 1994 that he has in his possession, custody, or control (if any such documents exist). The request at issue did not seek patient records, and the court concludes that such records are not discoverable documents within the scope of this request.

**Document Request Nos. 65 and 67: Personal Medical Records**

Next, defendants request all of plaintiff's personal medical records from the last ten years. Plaintiff argues that he has neither sought treatment nor been prescribed medications to treat any condition related to the mental distress caused by defendants in this action, and therefore plaintiff's medical history is not relevant. Relevancy, however, is construed broadly, and a request for discovery should be considered relevant is there is *any possibility* the information sought may be relevant to a claim or defense.[5] The court finds that information concerning plaintiff's mental state prior to his termination has a possibility of being relevant to a claim or defense, and therefore the motion to compel is granted in part as it relates to this

---

[5] *Williams v. Bd. of County Comm'rs*, 192 F.R.D. 698, 702 (D. Kan. 2000) (citations omitted).

request.

The court arrives at this decision reluctantly, as it is inclined to agree with plaintiff that eight-year-old medical records are of questionable relevance to the case at bar. As noted in more detail below, however, the recommendations made in 1998 by plaintiff's psychotherapist, Dr. Pro, *are* relevant, and this finding opens the door to plaintiff's mental health history. Defendants claim that plaintiff was terminated for disciplinary reasons, and plaintiff has challenged the veracity of that claim. As a result, plaintiff has put his discipline-related mental health treatment in 1996 at issue.[6] These records are also relevant to possible affirmative defenses. Plaintiff has not, however, put his physical health at issue, and the court therefore declines to order production of medical records other than those related to plaintiff's disciplinary record.

Plaintiff is ordered to produce medical records and documentation related <u>only</u> to his diagnosis and treatment for depression in 1996. However, because the court believes these records may be of a highly confidential nature, access to the documents will be restricted to attorneys of record only. If, at some point in the future, defense counsel believes there is a compelling reason to share plaintiff's medical records with defendants, counsel may petition the court for leave to do so. The protective order already in place (doc. 51) shall operate to

---

[6] Following serious allegations of sexual harassment leveled against plaintiff, the Atchison Hospital Association suspended plaintiff's hospital privileges in 1995. He was then directed to undergo an inpatient evaluation at Abbott Northwestern per the recommendations of the Kansas Medical Society's Medical Advocacy Program. The relevant records are those relating to the inpatient evaluation at Abbott and the resulting treatment by Dr. Pro in Atchison, Kansas.

keep plaintiff's confidential medical history from being disclosed to anyone other than defendants' attorneys. Therefore, the motion to compel is granted in part and denied in part as it relates to this request.

### Document Request No. 71: Cultural and Support Group Membership

By way of this request, defendants seek documents relating to any support groups, associations, or organizations of Southeast Asian people in which plaintiff or his family belong or participate. Plaintiff objects on the grounds that this request is racist, and also that plaintiff and his family's membership in cultural groups is not relevant to any claim or defense. The motion to compel is granted as it relates to this request, but only to the extent that it seeks documentation of plaintiff's membership and participation in cultural and support groups. The requested information is relevant because defendants have presented testimony that plaintiff was counseled to join such a group by his psychotherapist, Dr. Pro (*see* doc. 102, p. 16). The court notes that defendants failed to establish relevance until their reply brief, which would ordinarily lead the court to deny the request.[7] In the instant case, however, the interests of judicial economy influence the court to order production of the properly discoverable documents. Defendants certainly have the right to explore plaintiff's compliance with his doctor's recommendations,[8] and as such the inquiry is relevant to possible defenses.

But the membership and participation of plaintiff's family in such groups is not facially

---

[7] *U.S. v. Sanchez-Cruz*, 392 F.3d 1196, 1201 (10th Cir. 2004) (citations omitted) ("Generally, we refuse to consider arguments made for the first time in a reply brief.").

[8] *See supra*, n. 6 (explaining why plaintiff's treatment by Dr. Pro is relevant).

relevant. And defendants have not carried their burden to show the relevance of this information. Therefore, defendants will only be allowed discovery of this issue as it relates to plaintiff's personal membership and participation in Southeast Asian support groups.

### Document Request Nos. 75-78: Submissions to Licensing Boards

Finally, defendants request all documents related to plaintiff's applications for medical licensure (Request Nos. 75-77) and all of plaintiff's personal submissions to the National Practitioners Data Bank ("NPDB") (Request No. 78). Plaintiff objects to these requests on the grounds that they seek irrelevant information. The motion to compel as it relates to these requests is granted in part in and denied in part. Plaintiff is ordered to produce all documentation related to plaintiff's applications for medical licensure. Relevant previous disciplinary actions, revocations of licensure or privileges, and/or statements or admissions of the plaintiff are reasonably likely to be found within licensure applications, and therefore the broad relevancy standard has been met.

The motion to compel as it relates to Request No. 78, however, is denied. Plaintiff's previous submissions to the NPDB are not facially relevant to any claim or defense in the case at bar. Plaintiff's claim that defendants' actions resulted in a false report to the NPDB does not make _all_ reports to the NPDB relevant, but only the submissions related to that report (which plaintiff has already produced). Defendants similarly fails to state a claim or defense that would support a finding that _all_ of plaintiff's personal submissions are relevant. Although reports filed _about_ plaintiff by other institutions may be relevant to defending against his loss of reputation claim, it is unlikely that plaintiff would be in possession, custody, or control of

such reports. In any event, defendants do not request reports filed by other institutions. Therefore, the court denies the motion to compel as it relates to plaintiff's personal submissions to the NPDB.

Accordingly, as set forth above, defendants' motion to compel discovery (**doc. 82**) is granted in part and denied in part. Plaintiff shall produce his documents consistent with this order by **August 15, 2005.**

IT IS SO ORDERED.

Dated this 4th day of August, 2005, at Kansas City, Kansas.

                                              s/ James P. O'Hara
                                              James P. O'Hara
                                              U.S. Magistrate Judge