IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PITT VESOM, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 04-2218-CM |
| vs. | ) |
| | ) |
| ATCHISON HOSPITAL ASSOCIATION, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

This case comes before the court on the motion of the defendants, Atchison Hospital Association (the "Hospital"), Ryan Thomas, M.D., Douglas Goracke, M.D., and Donald Swayze, D.O. for an order compelling the plaintiff, Pitt Vesom, M.D., to produce certain documents and to supplement or amend certain responses to defendants' requests for admissions (**doc. 128**). Defendants have filed a supporting memorandum (doc. 129), to which plaintiff has responded (doc. 134), and defendants have replied (doc. 136). For the reasons set forth below, defendants' motion is granted in part and denied in part.

Plaintiff filed this suit on May 18, 2004, alleging that defendants wrongfully denied him medical privileges as a result of his race and because of his complaints about staff procedures and mortality rates in the Hospital's obstetrics department. Plaintiff alleges six alternative theories of relief: racial discrimination in violation of 42 U.S.C. § 1981 (Count I), 42 U.S.C.§ 2000d (Count II), and 42 U.S.C.§1985(3) (Count III); violation of section 1

of the Sherman Antitrust Act (Count IV); a whistle-blower protection claim (Count V); and intentional interference by defendants with plaintiff's business relationships (Count VI). Defendants assert that the decision to terminate plaintiff's hospital privileges was based on the results of an objective peer review process that was conducted in accordance with the law.

### I.   Requests for Production of Documents

**Document Request No. 1**

Defendants seek copies of plaintiff's personal tax returns, with all attachments, schedules, and supporting documents, for each tax year since 1990. The parties agree that this portion of the instant motion is moot due to the court's ruling of August 4, 2005 with regard to a prior motion to compel (*see* doc. 132).

**Document Request No. 2**

Defendants request the tax returns, with supporting attachments and schedules, for Midwest Med, P.A. ("Midwest Med") since 1990. Plaintiff has produced Midwest Med's tax returns for 1991 through 2003, except 1997. However, it is disputed whether plaintiff has produced the supporting attachments and schedules for these years. As to the 1997 tax returns, plaintiff argues that the information contained in these returns is irrelevant since he had left the Hospital and returned to Thailand.

Relevancy, of course, is broadly construed. Thus, at least as a general proposition, a request for discovery should be considered relevant if there is "any possibility" that the

information sought may be relevant to the claim or defense of any party.[1]  A request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[2]  When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure.[3]  The question of relevancy naturally "is to be more loosely construed at the discovery stage than at the trial."[4]  "A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence."[5]

First, the court sustains plaintiff's objection that the tax records of Midwest Med for 1990 are not relevant.  However, the court finds that defendants have shown that the Midwest Med tax returns for 1997 may lead to the discovery of admissible evidence, and therefore, are relevant.  Plaintiff shall produce to defendants the 1997 Midwest Med tax returns with

---

[1] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001).

[2] *Id.*

[3] *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 672 (D. Kan. 2003).

[4] 8 CHARLES ALAN WRIGHT ET AL, FEDERAL PRACTICE AND PROCEDURE § 2008 at 99 (2d ed. 1994).

[5] *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D. Kan. 1996).

attachments, schedules, depreciation schedules, and other supporting documents.

As to the attachments, schedules, depreciation schedules, and other supporting documents related to the tax returns for 1991 through 1996 and 1998 through 2003, the court is unwilling to attempt to ascertain whether plaintiff in fact already has produced these documents to defendants. Rather, the court directs plaintiff to reproduce these documents to defendants.

**Document Request No. 24**

Defendants seek documents which reflect the details of any transactions that plaintiff or Midwest Med had with any related parties, including employment relationships, from 1990 to the present. Plaintiff initially objected to this request as irrelevant, burdensome, and oppressive. Defendants then narrowed the scope of this request to include only Midwest Med's employment agreements or related documents with its physicians and its non-physician employees.[6] Plaintiff agreed to produce records in his possession, custody, or control regarding the Midwest Med's employment of physicians other than plaintiff, but not non-physician staff.[7] At the time of defendants' reply, plaintiff had not produced the documents he had agreed to produce. If plaintiff has not already produced the Midwest Med's employment agreements or related documents with its physicians, the court orders plaintiff to do so.

---

[6] *See* doc. 129, ex. C-2.

[7] *See* doc. 129, ex. D & doc. 134.

As to the records regarding Midwest Med's employment of non-physician employees, plaintiff objects on the grounds of relevancy. The court finds that some of the information contained in Midwest Med's employment agreements or related documents with its non-physician employees may be relevant to plaintiff's loss-of-earnings claim. Specifically, the court agrees with defendants that such employment records may contain compensation information not reflected on plaintiff's or Midwest Med's tax returns. However, the court does find this request somewhat over broad as defendants have not shown how the remaining types of information normally contained in such records would be relevant. Accordingly, defendants' motion to compel as it relates to this request is granted, but subject to the following limitation: plaintiff shall produce only such portions of Midwest Med's non-physician employee records which relate to compensation, subject to the stipulated protective order entered on November 22, 2004 (doc. 51).

**Document Request No. 26**

Defendants request a list of Midwest Med's employees since 1990. Generally, parties are not required to create documents in response to document requests, but must only produce documents already in existence. Arguably, Request No. 26 would more properly be the subject of an interrogatory. The court nonetheless finds that revelation of the identities of Midwest Med's employees since 1991 could lead to the discovery of admissible evidence. Thus, this information is relevant. Plaintiff shall provide the above requested list.

**II.    Requests for Admissions**

Defendants request that the court determine the sufficiency of plaintiff's responses to defendants' requests for admissions. Originally, defendants sought a determination as to plaintiff's responses to Request Nos. 16, 18, 21, 22, 24, 27, 29-32, 35, 36, 38, 43, 44-55, 58, and 59. As plaintiff argues and defendants have admitted, a denial is a sufficient answer to a request for admission. Accordingly, defendants have withdrawn the motion to compel with respect to Request Nos. 16, 18, 21, 22, 24, 27, 35, 43, 58, and 59. Defendants continue to seek a determination as to the sufficiency of plaintiff's responses to Request Nos. 29-32, 36, 38, and 44-55.[8]

Under Fed. R. Civ. P. 36(a), a party may request admissions that relate either to statements or opinions of fact or to the application of law to fact. Rule 36(a) permits the responding party to make "a good faith qualification to 'fairly meet the substance of the requested admission.'"[9]

By Request Nos. 29-32, 38, and 44-55, defendants seek to establish that plaintiff received adequate notice and hearing procedures under the Health Care Quality Improvement Act ("HCQIA") (42 U.S.C. § 11112). Essentially, each request contains two questions: (1) did plaintiff receive notice? and (2) was that notice adequate under HCQIA? The first question is simply one of fact and, in each response, plaintiff admits that he received notice. The second question involves the application of law by asking plaintiff to make admissions

---

[8] Defendants' reply mentions the possible imposition of Rule 11 sanctions based on plaintiff's denials. That issue is premature and thus warrants no further discussion at this time.

[9] *Harris v. Oil Reclaiming Co., Ltd.*, 190 F.R.D. 674, 677 (D. Kan. 1999).

regarding the content of the notice received. In his responses, plaintiff refuses to make this admission by denying defendants' statements regarding content and characterization of notice. Such responses are good faith qualifications necessary to fairly meet the substance of the requested admissions. Accordingly, defendants' motion to compel, as it relates to Request Nos. 29-32, 38, and 44-55, is denied.

By Request No. 36, defendants seek to establish that plaintiff was provided *de novo* appellate review based upon the record of the Fair Hearing Panel after an adverse decision by such panel. In response, plaintiff admits the adverse decision and the fact that he appealed. Plaintiff denies the rest of the facts set forth in the request. It is unclear to the court exactly what plaintiff is denying. In reviewing plaintiff's response to Request No. 36, it appears to the court that plaintiff may be attempting to deny that the appellate review was neither *de novo* nor based upon the record of the Fair Hearing Panel. According to counsel's statements during his deposition testimony, however, it appears that plaintiff is attempting to deny that appellate review could be both *de novo* and based upon the record. Under Fed. R. Civ. P. 36(a), the court may either deem insufficient answers admitted or order the answers to be amended. The court finds plaintiff's response to Request No. 36 is insufficient as his qualification does not fairly meet the substance of the requested admission. The court, therefore, orders that plaintiff amend his answer to this admission to clarify exactly what he is admitting and what he is denying.

In consideration of the foregoing,

IT IS HEREBY ORDERED that the above-referenced motion **(doc. 128)** is granted in part and denied in part.  Plaintiff shall comply with this order in all respects by **September 6, 2005**.

Dated this 31st day of August, 2005, at Kansas City, Kansas.

                                                   s/ James P. O'Hara  
                                                 James P. O'Hara  
                                                 U.S. Magistrate Judge