ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PITT VESOM, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-2218-JAR |
| ) | |
| ) | |
| ATCHISON HOSPITAL ASSOCIATION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## **MEMORANDUM AND ORDER DENYING PLAINTIFF'S OBJECTION**

This matter comes before the Court on the Objection of plaintiff (Doc. 157) to the magistrate judge's Memorandum and Order filed August 17, 2005 (Doc. 135) and Order filed September 28, 2005 (Doc. 153) . The first order denied plaintiff's amended motion to compel certain documents that the court found constitute privileged attorney-client communications, attorney work-product material, or both. The second order denied plaintiff's motion for reconsideration of the August 17, 2005 Order.

*Standard of Review*

With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a de novo review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly

erroneous or contrary to law."[1]  "The Court is required to affirm the magistrate's order unless the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'"[2]

*Discussion*

Plaintiff filed his objection, requesting the Court "review and overturn the Orders of Judge O'Hara . . . , as authorized by Local Rule 72.1.4(a) and Fed.R.Civ.P. 72(a)."  He states in his motion that "[t]he legal basis for [his] position that he is entitled to the requested discovery is set forth with particularity in the following documents . . . ."  Plaintiff recites nine docket entries, previously considered by Judge O'Hara, that this Court should consult if it wishes to understand plaintiff's legal position.  Alternatively, plaintiff asks the Court to direct the parties to re-brief the issue.  Plaintiff asks this Court for the following relief:

> [A]n Order of the District Court sustaining its objections and directing defendants to (i) produce all written communications between the Hospital's legal counsel and members of the Hospital's staff concerning a determination of Dr. Vesom's staff privileges; and (ii) appear for the adjourned depositions of doctors Thomas, Goracke, Swayze, and Jones and the Hospital's Administrator, Virgil Bourne, to answer questions concerning the discussions and deliberations which occurred at the Bellevue Country Club concerning the termination of Dr. Vesom's staff privileges on February 18, 2003.

The Court denies plaintiff's objection for a variety of reasons.  First, plaintiff's request for relief is broader than the relief sought by the Amended Motion to Compel (Doc. 108).  That

---

[1] *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1461–62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

[2] *Wolters v. Estate of Conner*, No. 03-3251-KHV, 2006 WL 1064109, at *2 (D. Kan. Apr. 21, 2006) (quoting *Ocelot Oil Corp.*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948))); *see also T & W Funding Co. XII, L.L.C. v. Pennant Rent-A-Car Midwest, Inc*., 210 F.R.D. 730, 732 (D. Kan. 2002).

motion specified that the parties had narrowed their dispute to the issue of whether plaintiff is entitled to production of documents that relate to communications between legal counsel and the Medical Executive Committee of the hospital prior to the decision to terminate Dr. Vesom's staff privileges.  Plaintiff may not now ask this Court to not only reverse Judge O'Hara's decision on this "single issue," but also ask the Court to grant more relief than the plaintiff himself sought in his motion.[3]

Further, plaintiff fails to point the Court to any portion of Judge O'Hara's two orders that he asserts are "clearly erroneous" or "contrary to law."  This Court declines to go on a fishing expedition through the nine previously-filed briefs by plaintiff and three previously-filed briefs by defendants and conduct what would essentially be a de novo review of the record.  The standard of review by this Court is clear, and such a de novo review would deny Judge O'Hara the appropriate amount of deference he is afforded under the applicable standard.   Judge O'Hara considered whether the documents at issue are protected from discovery after conducting an in camera review.  He reasonably concluded that the documents are privileged or attorney work-product and that the peer review process authorized by the Health Care Quality Improvement Act ("HCQUIA") did not constitute an affirmative defense that waived either the privilege or work-product doctrine.  Although plaintiff clearly disagrees with this conclusion, he points this Court to no law or evidence that would sustain a finding the Judge O'Hara's decision was clearly

---

[3]The Court acknowledges that the original motions to compel in this case (Docs. 66, 73) sought deposition testimony of certain individuals.  Indeed, plaintiff asks this Court to review these motions.  But those motions were denied without prejudice by Judge O'Hara on May 12, 2005, with the directive that the defendants amend their privilege log and serve revised discovery responses (Doc. 92).  After this is complete, the parties were to confer regarding any remaining disputes and file an amended motion to compel.  The amended motion to compel, filed by plaintiff, affirmatively represents that the "single issue" of whether certain documents must be produced was being presented to the court.

erroneous or contrary to law.  The Court is not left with a firm conviction that a mistake has been made; therefore, **plaintiff's objection (Doc. 157) is overruled and denied**.

     **IT IS SO ORDERED**.

     Dated this 14th day of June 2006.

                                           S/ Julie A. Robinson
                                           Julie A. Robinson
                                           United States District Judge

*Order Denying Plaintiff's Objection*, Vesom v. Atchison Hospital Ass'n, et al., No. 04-2218-JAR.